Minshall, C. J.
This case was recently in this court on error. It was there determined that the mortgage to Lowe Emerson made and delivered hy E. P. Allen, was in the nature of an assignment in contemplation of insolvency made to secure certain creditors of the mortgagor, and, therefore inured to the equal benefit of all his creditors within the meaning of section 6343, Revised Statutes; and the cause was remanded to court of common pleas to be administered in accordance with the statute regulating such assignments. Pendery v. Allen, 50 Ohio St., 121. On distribution, after the *252 payment of costs, expenses and attorney’s' fee, the court ordered the fund in the hands of the trustee, Lowe Emerson, and of the sheriff of the county to be paid to all the creditors of Edward P. Allen, including Lowe Emerson, in proportion to the amount of their respective claims. This the plaintiff claims is error, on the ground that, at the commencement of the suit, he caused notice to be given of the object and pendency of it, as provided in section 6344, Revised Statutes, and that thereupon a priority should have been given to him and those who came in under the notice and complied with the provisions of that section, not only over the remaining creditors, but also over the defendant, Lowe Emerson, as a creditor of Allen. In other words, it is claimed-that on the commencement of such a suit, and the giving of the notice, the defendant is required to elect whether ,he will contest its prosecution or abandon the defense, and take with the other creditors in proportion to his claim as a creditor; and that if he elects to defend and the assignment is declared a trust within the meaning- of section 6343, he is postponed as a creditor until the plaintiff and the other creditors, who came in with him under the notice, are- satisfied.
We do not accept this as the proper construction of the statute. The provision of section 6343, that the creditors, who come in under the notice and comply with its provisions, “shall be first entitled with the plaintiff to the benefits of such transfer or assignment in proportion to the amounts of their respective claims,” relates to the creditors other than the defendant. The latter being in by summons, is not within the purview of the notice, and his rights are not affected thereby. *253 He may defend against the suit, and if he fail, what he loses is the preference claimed under the transfer or assignment. The thing recovered in such action is, in contemplation of law, the excess of the property transferred or assigned, over and above the claim of the defendant as a general creditor of the assignor. Thus, in an action to set aside a conveyance, claimed to have been made to defraud creditors, the court found that the consideration was inadequate — being the liability of the grantees for the grantor as surety on the claims of certain creditors, the liability being some $4,000 less than the value of the land as found by the court — the grantees were required to account only for the excess. In other words, they were treated as creditors to the extent of their liability as sureties. Jamison v. McNally, 21 Ohio St., 295, 296. The court then did not err in its order directing that Emerson should be included as a creditor in the distribution of the fund.
But a notice was given at the commencement of the suit of its pendency and object. The notice was of the pendency of a suit to set aside the mortgage as made to hinder and delay creditors. Subsequently, by an amendment, the object was changed so as to ask that it be declared an assignment to prefer creditors under section 6343, Revised Statutes. ' It is quite certain, as we think, that the provisions of section 6344, as to giving notice apply as well to a proceeding under section 6343 as under the subsequent section. Such is the express language of the statute. But we are also of the opinion that a notice to set aside a conveyance on the ground that it was made to hinder and delay creditors, is not rendered ineffective by a subsequent amendment, asking to have a trust *254 for creditors declared. The relief sought in either case is substantially the same. Therefore, as certain creditors of Allen did come in under the notice and give security as required by the statute, they, with the plaintiff, are entitled to priority in the distribution of the fund — after the payment of costs, expenses and attorney fees — over such other creditors as did not come in.

The decree xoill be modified in accordance ^oith the opinion.